IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ANDREA TOLDEN-HUGHES,**

**Plaintiff,**

v.

**AIR MASTERS, a corporation,**  No. 07-CV-133-DRH

**Defendant.**

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

### I. INTRODUCTION

Now before the Court are three pending motions: Defendant Air Masters' motion for summary judgment (Doc. 31), Plaintiff's motion to amend or alter order denying Plaintiff's motion to amend complaint (Doc. 54), and Plaintiff's motion for oral argument (Doc. 55). The Court considers each of these motions below.

### II. BACKGROUND

On January 12, 2007, Plaintiff filed suit in the Circuit Court of St. Clair County, Illinois alleging that Defendants Integrated Facility Services, Inc. (IFS) and Air Masters were liable for injuries Plaintiff sustained as a result of Defendants' negligence. Plaintiff, an employee of the East St. Louis School District, asserts that on March 31, 2005 Defendants were repairing the HVAC system at her school. In the

course of Defendants' maintenance work, Plaintiff maintains that she slipped and fell on a patch of water and oil attributable to Defendants' work. Plaintiff further argues that her injury was caused by Defendants' failure to maintain a safe environment and to warn Plaintiff and others of the dangerous work site.

On February 20, 2007, Defendants filed a timely Notice of Removal. (Doc. 1.) On February 27, 2007, Air Masters filed an answer expressly denying that it conducted business at the specified location on March 31, 2005. (Doc. 10, ¶ 2.) On April 9, 2007, the Court granted the parties' motion to voluntarily dismiss IFS from the action, leaving Air Masters as the sole defendant. (Doc. 20.) On October 24, 2007, Air Masters filed a motion for summary judgment claiming that the employee making repairs at the work site was an employee of Gateway Mechanical, Inc., another subsidiary of IFS, rather than Air Masters. (Doc. 31.) In response, on November 29, 2007, Plaintiff filed a motion to amend/correct complaint. (Doc. 35.) Magistrate Judge Donald G. Wilkerson entered an order on June 5, 2008 denying Plaintiff's motion to amend/correct complaint. (Doc. 53.) On June 17, 2008, Plaintiff filed a motion to alter or amend order denying Plaintiff's motion to amend complaint. (Doc. 54.)

### III. ANALYSIS

**A. Motion to Alter or Amend**

Plaintiff filed a motion to alter or amend Judge Wilkerson's order denying Plaintiff's motion to amend complaint. (Doc. 54.) It was difficult, as it often is, to determine if counsel meant this motion for the Magistrate Judge or as a motion

for the undersigned as a means of review.  To save time, and give a full review, the Court will review the order *de novo*.  Plaintiff argues that the Court should alter or amend its judgment pursuant to **Federal Rule of Civil Procedure 59(e)** in order to correct what Plaintiff argues was a clear legal error in Judge Wilkerson's order.  Plaintiff also requests oral arguments on the issue.  (Doc. 55.)  Having reviewed all of the facts and arguments, the Court has determined that a hearing on this matter is unnecessary.  Therefore, the Court **DENIES** Plaintiff's motion for oral arguments. (Doc. 54.)

**1. Legal Standard for Review**

Generally, parties who object to a Magistrate Judge's order file either an appeal, if it is a non-dispositive matter, in which case the District Court Judge will review the order to determine if it is clearly erroneous or contrary to law; or if it is a dispositive motion, the party may file objections, which triggers a *de novo* review by the District Court Judge.  Generally, motions to amend complaints are not dispositive.  However, in this case, the Court's order denying the motion to amend the complaint is dispositive, in essence.  As will be addressed below, Plaintiff has conceded that the sole remaining Defendant, Air Masters, is not a proper defendant.  Therefore, the order denying Plaintiff the opportunity to substitute in the correct defendant has the effect of dismissing this case.  In the interest of preserving the Court's resources, the Court has decided to reconsider Magistrate Wilkerson's order himself.  As such, the Court will consider the motion dispositive and conduct a *de*

*novo* review in accordance with **28 U.S.C. § 636(b)(1)(B)** and **Southern District of Illinois - Local Rule 73.1(b)**.

### 2. Relation Back Doctrine

Plaintiff's motion rehashes her previous argument that failure to name Gateway in the original complaint was a mistake of identity and that under **Federal Rule of Civil Procedure 15(c)(1)(C)(ii)** she should be allowed to amend her complaint because it relates back to the filing date of the original complaint.

Plaintiff's injuries occurred on March 31, 2005. In Illinois, a party has two years to file an action for damages for personal injury. ***See* 735 ILCS 5/13-202**. Plaintiff's initial complaint was filed within the two-year statute of limitations. In order for Plaintiff to add a new defendant and avoid a statute of limitations defense, she must establish that the amendment relates back to the original pleading. Under **Rule 15(c)(1)(C)**, a party must demonstrate that the amendments arises out of the same conduct, transaction, or occurrence as the original pleading. This fact is not disputed by either party.

However, more relevant to our inquiry here, **Rule 15(c)(1)(C)** also provides that if the amendment changes the named defendants the moving party must prove that the party to be brought in ". . . knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." **Fed. R. Civ. P. 15(c)(1)(C)(ii)**.

### 3. Discussion

Plaintiff continues to argue that this is a case of mistaken identity and further asserts that the Court simply misunderstands the doctrine of mistaken identity. In fact, it appears that Plaintiff wishes to expand the theory of mistaken identity beyond the Seventh Circuit's narrow application of **Rule 15(c)(1)(C)**. As Judge Wilkerson noted, it is well-settled in the Seventh Circuit that "'relation back' on grounds of 'mistake concerning the identity of the proper party' does not apply where the plaintiff simply lacks knowledge of the proper defendant." ***Hall v. Norfolk Southern Railway Co.*, 469 F.3d 590, 596 (7th Cir. 2006) quoting *King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 914 (7th Cir. 2000)**. Furthermore, a "plaintiff's ignorance or misunderstanding about who is liable for his injury is not a 'mistake' as to the defendant's 'identity.'" ***Id.***

It is unclear to the Court why Plaintiff failed to name Gateway within the statute of limitations time period. Plaintiff claims in her motion to amend complaint that she was not aware that Air Masters was incorrectly named until "Air Masters filed a Motion for Summary Judgment, claiming, for the first time, that none of its employees were responsible for repairs at the site of plaintiff's incident on March 31, 2005." (Doc. 39, p. 3.) That is simply not true. As Defendant Air Masters points out, on February 27, 2007 Air Masters filed an answer denying that it was conducting business at the location of the alleged injury. In addition, on March 6, 2007, in its Rule 26 Initial Disclosures, Air Masters stated that an employee of Gateway was "the

employee who was performing repair work at the site in question." (Doc. 29, Ex. E.) Ironically, Plaintiff notes this fact in support of her argument that Gateway had notice of this matter. (Doc. 39, p. 10.) Plaintiff had all of the information she needed to name the correct defendant within the statute of limitations period. There was no mistake regarding the identity of the correct defendant. Plaintiff merely failed to do her homework in a timely manner. Plaintiff will not be allowed to invoke **Rule 15(c)(1)(C)(ii)** to "avoid the consequences of her earlier oversight." *Id.* **quoting** ***Rendall-Speranza v. Nassim*, 107 F.3d 913, 919 (D.C.Cir. 1997)**. Plaintiff's motion to alter or amend order denying Plaintiff's motion to amend complaint is, therefore, **DENIED.** (Doc. 54.)

## B. Air Master's Motion for Summary Judgment

### 1. Legal Standard

Summary judgment is proper where the pleadings and affidavits, if any, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **FED. R. CIV. P. 56(c);** ***Oats v. Discovery Zone*, 116 F.3d 1161, 1165 (7th Cir. 1997)** (citing ***Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)**). The movant bears the burden of establishing the absence of fact issues and entitlement to judgment as a matter of law. ***Santaella v. Metro. Life Ins. Co.*, 123 F.3d 456, 461 (7th Cir. 1997)** (citing ***Celotex*, 477 U.S. at 323**). In reviewing a summary judgment motion, the Court does not determine the truth of asserted matters, but rather decides whether there is a genuine factual issue

for trial. *Celex Group, Inc. v. Executive Gallery, Inc.*, 877 F. Supp. 1114, 1124 (N.D. Ill. 1995) (Castillo, J.). The Court must consider the entire record, drawing reasonable inferences and resolving factual disputes in favor of the nonmovant. *Regensburger v. China Adoption Consultants, Ltd.*, 138 F.3d 1201, 1205 (7th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

### 2. Discussion

Plaintiff claims that Air Masters, through its agents, servant and employees, negligently caused Plaintiff's injuries. However, Dwight Davidson, an employee of Gateway Mechanical, was the only person who performed work at the site of the injury. While Air Masters and Gateway Mechanical are both subsidiaries of IFS, they are separate entities and conduct their own business. Plaintiff has offered no evidence to the contrary. In fact, Plaintiff's pleadings concede that Air Masters was a "mistakenly named defendant." (Doc. 54, p. 4.) Therefore, there is no genuinely disputed fact. Air Masters can not be held liable for the acts of another corporation's agents or employees and is entitled to summary judgment in its favor. Defendant Air Masters' motion for summary judgment is **GRANTED**. (Doc. 31.)

## IV. CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's motion to alter or amend (Doc. 54) and Plaintiff's motion for hearing (Doc. 55). Furthermore, the Court **GRANTS** Defendant Air Masters' motion for summary judgment. As such, no defendants remain and the entire matter, including Third-party Plaintiff Air

Masters' cross-claim against Third-party Defendant East St. Louis School District No. 189, is dismissed.

**IT IS SO ORDERED.**

Signed this 23rd day of June, 2008.

/s/       *David R Herndon*
**Chief Judge**
**United States District Court**